IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID TAYLOR,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )
                                     ) Civil Action No. 09-121J
MICHAEL J. ASTRUE,                   )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
            Defendant.               )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 5th day of April, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his SSI application on March 6, 2006, alleging disability beginning October 5, 2005. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on November 20, 2007, at which plaintiff appeared represented by counsel. Subsequently, on April 11, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 10, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 43 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a jitney driver, but he has not engaged in substantial gainful activity at any time since he filed his application for SSI.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of obesity, hypertension with proteinuria, diabetes mellitus with associated peripheral neuropathy and mycotic nails, depressive disorder, personality disorder, and a past history of polysubstance abuse. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a number of other limitations. Plaintiff requires work that involves only occasional walking and standing and no balancing, stooping, kneeling, crouching, crawling and climbing. In addition, plaintiff requires the option to sit and stand for 1-2 minutes every hour or so during the workday. Further, plaintiff is limited to work that involves simple, repetitive, routine tasks that are not performed in a fast-paced production environment, as well as work that involves only simple work-related decisions and relatively few work place changes. Finally, plaintiff is limited to no more than occasional interaction with supervisors and no interaction with co-workers or the general public (collectively, the "RFC Finding").

Based upon testimony by a vocational expert at the hearing, the ALJ concluded that plaintiff's vocational factors and residual

functional capacity enable him to make an adjustment to work that exists in significant numbers in the national economy, such as a surveillance system monitor, a waxer of glass products, an addresser, or a laundry pricing clerk. Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age,

education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. As stated above, at step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental and other sensory requirements of work. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he failed to consider all of plaintiff's medical conditions in making the RFC Finding; (2) he did not give appropriate weight to the opinions of plaintiff's treating physicians; and (3) he did not properly assess plaintiff's credibility regarding his alleged vision problems and the side effects of his medications. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ failed to consider all

of his severe and non-severe medical conditions in combination in making the RFC Finding. Contrary to plaintiff's contention, the ALJ's decision contains detailed analysis and discussion of all of plaintiff's impairments, both severe and non-severe, and the impact that those impairments have on his ability to perform work. (R. 17-23). The ALJ then incorporated plaintiff's functional limitations resulting from those impairments that are supported by the medical evidence into the RFC Finding. Accordingly, the court finds no error in the ALJ's consideration of plaintiff's impairments and his resulting RFC Finding.

Plaintiff next argues that the ALJ did not give appropriate weight to the opinions of his treatment physicians, psychiatrist and occupational therapist. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2); <u>Fargnoli</u>, 247 F.3d at 43. Under this standard, the opinions of plaintiff's treatment providers are not entitled to controlling weight.

First, Dr. Sirsikar and Dr. Nair, who are plaintiff's treating physicians, each completed an employability assessment form for the Pennsylvania Department of Public Welfare on which they checked a box to indicate that plaintiff was "temporarily disabled" for less than twelve months. (R. 290, 293). Whether or not plaintiff was considered to be disabled for purposes of

receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §416.904. Furthermore, these opinions of temporary disability do not meet the statutory requirement that the disability last not less than twelve months. 42 U.S.C. §1382c(a)(3)(A). Thus, the ALJ properly found that the opinions of Dr. Sirsikar and Dr. Nair were not entitled to controlling weight. (R. 28).

Plaintiff's contention that the ALJ did not give appropriate weight to the opinion of Annette Illig, an occupational therapist, likewise lacks merit. The ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists. 20 C.F.R. § 416.913(a). The ALJ also may consider other opinions about a claimant's disability from persons who are not deemed an "acceptable medical source," such as an occupational therapist like Ms. Illig. 20 C.F.R. §416.913(d)(1). Nevertheless, a therapist's opinion is not entitled to controlling weight. Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999).

Although the ALJ was not obliged to afford controlling weight to Ms. Illig's opinion, he considered her evaluation of plaintiff's functional capacity, but determined it was entitled to only minimal weight. (R. 28). Ms. Illig concluded that plaintiff could perform light to medium work, but he would be unable to tolerate a full workday due to his poor endurance. (R. 307). The

ALJ properly noted that Ms. Illig's conclusion might be valid if plaintiff was asked to perform light to medium work, but the RFC Finding limited him to sedentary work with additional restrictions that accommodated his functional limitations. (R. 27-28).

Finally, the ALJ also properly considered the evaluation conducted by plaintiff's treating psychiatrist, Dr. Parekh. (R. 28, 285-87). Significantly, although Dr. Parekh did not render an opinion as to plaintiff's ability to work, he did conclude that his prognosis was fair. (R. 287). Accordingly, the court concludes that the ALJ properly considered and weighed the opinion of Dr. Parekh, as well as the opinions of his other treatment providers.

Plaintiff's final argument is that the ALJ did not properly consider his testimony concerning the side effects of his medications or his allegation that he has blurred vision. This argument relates to the ALJ's evaluation of plaintiff's credibility concerning his claimed limitations.

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft, 181 F.3d at 362. An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and reports by the medical sources who treated and examined him concerning his symptoms and how they affect him. See 20 C.F.R. §§416.929(c)(1) and (c)(3); Social Security Ruling 96-7p.

In particular, the ALJ specifically discussed plaintiff's claim that his medications made him drowsy and dizzy and caused him to sleep up to twenty hours a day several days per week. (R. 23, 25). However, as the ALJ correctly explained, plaintiff's activities of daily living and the medical evidence of record do not support plaintiff's claim that his medications produced the serious limitations that he alleges. See Burns v. Barnhart, 312 F.3d 113, 131 (3d Cir. 2002) (noting that "[d]rowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations"). Thus, although the ALJ considered plaintiff's allegation that his medications caused certain side effects, he properly found that those allegations were not supported by the evidence.

Likewise, the ALJ also considered plaintiff's claim that he experiences vision problems, but determined that claim was not substantiated by the evidence. Plaintiff's eye examination in

December 2006, was within normal limits, with the exception of early glaucoma. (R. 299). A subsequent eye examination in January 2007, also was within normal limits, and indicated that plaintiff had a good response to treatment with eye drops. (R. 295). The examination reports do not indicate that plaintiff is unable to work due to a visual impairment. In addition, as the ALJ noted, plaintiff has a driver's license and testified that he watches television 4-5 hours a day. (R. 17). In sum, the ALJ fully considered plaintiff's allegation that he suffers from a vision impairment, but correctly concluded that his claimed visual limitations are not supported by the evidence.

For all of the foregoing reasons, the ALJ properly determined that plaintiff's subjective allegations regarding his functional limitations were not entirely credible. (R. 24). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 17, 24-27), and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    Stephanie L. Haines
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901